UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JERROLD L.,

               Plaintiff,

    v.

ANDREW M. SAUL,
Commissioner of Social Security,[1]

               Defendant.

CASE NO. C19-5051-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1958.[2] He has a high school diploma and has worked as a

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant in this suit.

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

construction worker. (AR 188.)

Plaintiff applied for DIB in April 2015, alleging disability as of January 8, 2015.[3] (AR 162-68.) That application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 97-99, 103-09.)

On June 8, 2017, ALJ Allen G. Erickson held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 32-77.) On May 4, 2016, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-31.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on December 6, 2018 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since July 21, 2016, the amended alleged onset date. (AR 17.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's bilateral glaucoma. (AR 18.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairment did not meet or equal the criteria of a listed impairment. (AR 18.)

---

[3] At the administrative hearing, Plaintiff amended his alleged onset date to July 21, 2016. (AR 40-41.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 2

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a full range of work at all exertional levels, with the following limitations: he can occasionally climb ladders, ropes, or scaffolds. He can have occasional exposure to hazards including open water, open flame, and open machinery. He cannot perform commercial driving. He can have only occasional exposure to bright light. (AR 18.) With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. (AR 22.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the help of the VE, the ALJ found Plaintiff capable of performing representative occupations such as commercial/industrial cleaner, laundry worker II, and hospital food service worker. (AR 23.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) finding glaucoma to be the only severe impairment at step two, (2) discounting his subjective statements, and (3) assessing the medical opinion

evidence.[4] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Step two

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. § 404.1520(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling 85-28, 1985 WL 56856 (Jan. 1, 1985)).

In this case, the ALJ found Plaintiff's bilateral glaucoma to be severe, but found his other ophthalmological conditions (bilateral cataracts, presbyopia, and branch retinal artery occlusion) to be not severe because the treatment notes described these conditions as stable and well-controlled with treatment, and the record shows that these conditions do not cause more than minimal work-related functional limitations. (AR 18.)

Plaintiff does not cite any evidence contradicting this finding, but argues that "[t]he possibility exists" that his other eye conditions in combination with his glaucoma "contribute to his eye conditions." Dkt. 15 at 5. This speculative argument does not satisfy Plaintiff's burden to show harmful error in the ALJ's step-two findings. Given that Plaintiff has not pointed to any evidence showing that the excluded conditions caused any limitations not accounted for by the

---

[4] Plaintiff's opening brief also challenges the ALJ's RFC assessment, but in doing so only reiterates arguments made elsewhere. Dkt. 15 at 11-12. Accordingly, this issue will not be analyzed separately.

ALJ, he has failed to establish that the ALJ harmfully erred at step two.

## Subjective symptom testimony

The ALJ discounted Plaintiff's subjective symptom testimony for a number of reasons: (1) there is no medical opinion in the record indicating that Plaintiff's limitations are disabling, and the medical evidence contradicts Plaintiff's allegation of disability; (2) Plaintiff provided inconsistent statements about his need for glasses; and (3) Plaintiff continued smoking against medical advice. (AR 19-20.) Plaintiff argues that the second and third reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

At the outset, the Court notes that Plaintiff does not challenge the ALJ's first reason. The lack of corroboration and/or contradiction in the medical record is a valid reason to discount Plaintiff's allegation of disability. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1196-97 (9th Cir. 2004). The ALJ cited substantial evidence showing that the limitations related to Plaintiff's visual acuity and interocular pressure were less severe than alleged. (AR 20-21.)

The Commissioner concedes error in the ALJ's second and third reasons. Dkt. 16 at 6. These errors are harmless, however, in light of the ALJ's independent reasoning related to contradiction in the medical record, as mentioned in the previous paragraph. *See Carmickle*, 533 F.3d at 1162-63. Because Plaintiff has failed to show harmful legal error in the ALJ's assessment of his testimony, the ALJ's assessment is affirmed.

## Medical opinions

Plaintiff's treatment optometrist Dana Cocke, O.D., MPH, provided opinions regarding

Plaintiff's visual limitations in 2015 and 2017. (AR 242, 371-76.) The ALJ gave significant weight to Dr. Cocke's opinions. (AR 21.)

Plaintiff argues that Dr. Cocke's 2017 opinion regarding his limitations is incomplete, because the pagination indicates missing pages. Dkt. 15 at 9. The Commissioner posits that the record includes only the pages of the form that reference visual limitations, and that in any event, this opinion was proffered to counsel in its current form in July 2017 with an opportunity to comment or object, and no objection was raised regarding the pagination or any other aspect of this opinion. Dkt. 16 at 8 (citing AR 236-37, 239-41). Plaintiff did not file a reply or otherwise dispute the Commissioner's argument regarding waiver, and thus has not shown that this issue is properly before the Court.

Plaintiff also argues that the ALJ failed to appreciate the extent of Dr. Cocke's opinion because although Dr. Cocke opined that Plaintiff was able to avoid ordinary workplace hazards, he also opined that Plaintiff had visual field restrictions: Plaintiff contends the ALJ should have interpreted Dr. Cocke's opinion to mean that he could only avoid workplace hazards if they were directly in front of him. Dkt. 15 at 9. But Dr. Cocke did not explicitly qualify his opinion in this way, and Plaintiff has not shown that the ALJ was unreasonable in crediting Dr. Cocke's opinion as it is written.

Plaintiff also contends that the ALJ erred in assessing the State agency consultant opinions, arguing that those opinions indicate he was more limited as to hazards and as to his ability to lift/carry and that the ALJ did not adequately explain why he did not credit those opinions. Dkt. 15 at 10. As noted by the Commissioner, however, even if the ALJ had fully credited those opinions and limited Plaintiff to medium-level work with no exposure to hazards, such an RFC assessment would still be consistent with two of the three jobs identified at step five, each of which

exist in significant numbers (AR 23). Dkt. 16 at 9; Dictionary of Occupational Titles (DOT) 361.685-018 (laundry worker II, medium work, no exposure to hazards such as moving machinery, electric shocks, high exposed places, radiation, explosives, or toxic caustic chemicals), 1991 WL 672987; DOT 319.677-014, 1991 WL 672771 (hospital food-service worker job, medium work, no exposure to hazards such as moving machinery, electric shocks, high exposed places, radiation, explosives, or toxic caustic chemicals). Again, Plaintiff did not file a reply brief or otherwise address this argument, and thus has failed to establish that any error with respect to the State agency opinions resulted in harmful error.

Because Plaintiff has not established harmful legal error in the ALJ's assessment of medical opinion evidence, the ALJ's decision in this respect is affirmed.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 3rd day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7